**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 08:56 AM May 26, 2016**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SONDRA JEAN KNOTTS, | ) | CASE NO. 13-62507 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Debtor moved to redeem a 2000 Chrysler Grand Voyager pursuant to 11 U.S.C. § 722 and Federal Rule of Bankruptcy Procedure 6008. Springfield Financial Services ("Springleaf") holds a lien on the vehicle. No objections to the motion were filed.

The court has subject matter jurisdiction of this case under 28 U.S.C. §§ 1334 and 157 and the general order of reference 2012-7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. The court has authority to make final entries. Venue in this district is appropriate under 11 U.S.C. § 1409.

## FACTS

Debtor filed a chapter 13 petition on October 11, 2013. Among her scheduled assets and liabilities was a 2000 Chrysler Grand Voyager secured by a lien in favor of Springleaf. According to Schedule D, the Voyager was worth $750.00 and Debtor owed $2,911.00.

Debtor proposed to cramdown the Voyager claim. Per her amended plan, Springleaf was to receive a secured value of $750.00 at 5.25% interest with the balance paid as an unsecured debt. On November 25, Springleaf filed a proof of claim for $2,349.27 plus 24.99% interest. Springleaf's proof of claim valued the Voyager at $2,350.00. Debtor's plan was confirmed on February 13, 2014.

Debtor converted her case to chapter 7 on March 5, 2016. Twenty days later, Debtor filed a motion to redeem the Voyager for no more than the allowed secured value determined during the chapter 13 case, $750.00, which Debtor alleged had been paid.

The chapter 13 trustee's final report shows that Springleaf received $750.00 on the secured portion of its claim, plus $27.43 in interest. It also received $10.10 on the unsecured ($1,599.27) portion of the claim.

## DISCUSSION

The court recently issued a decision that is directly on point. In re Maynard, Case No. 13-62374 (Bankr. N.D. Ohio 2016). For the reasons set forth in that opinion, the court cannot grant the present motion to redeem. Debtor paid a total of $787.53 on the claim, including interest. Since she did not pay the lien on the Voyager in full under nonbankruptcy law, the lien survived conversion. 11 U.S.C. § 348(f)(1)(C)(i). Under the auspices of Liberty Nat'l Bank & Tr. Co. v. Burba (In re Burba), 42 F.3d 1388, 1994 WL 709314 (B.A.P. 6th Cir. 1994), the allowed secured claim and the payments made thereon do not carry forward into the chapter 7 proceeding. For these reasons, Debtor is not entitled to redeem the Voyager as proposed in her motion. The motion will be denied by a separate order.

# # #

**Service List:**

Nicole L. Rohr
Thrush & Rohr LLC
4410 22nd Street NW
Canton, OH 44708

Sondra Jean Knotts
2112 37th Street NW
Canton, OH 44709

Springleaf Financial Services, Inc.
P.O. Box 3251
Evansville, IN 47731-3251